RECEIVED

MAR - 8 2021

CLERK, U.S DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
<u>SAN ANTONIO</u> DIVISION

JOHN DAVID FERRARA
    Plaintiff(s)

CASE NUMBER: SA21CA0237 JKP

JEFFREY BLAKE BARNETT AND THE CITY OF KYLE
    Defendant(s)

## CIVL RIGHTS COMPLAINT

### I.    Plaintiff

John D. Ferrara
*Pro Se*
122 Baywell Drive
San Antonio, Texas
(210) 418-1480
jferrara0004@icloud.com

### II.    Defendant(s)

Jeffrey Blake Barnett (Individual and Official Capacity)
Police Chief for the City of Kyle
*100 W Center Street*
*Kyle, Texas 78640*

City of Kyle
*100 W Center Street*
*Kyle, Texas 78640*

### III.    Jurisdiction

This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law.

### IV.    Statement of Claim

On or about April 2018, the Plaintiff contacted the Defendant, Jeffrey B Barnett, through Facebook Messenger. Barnett's Facebook Messenger identifies him to be the Police Chief for the

City of Kyle. There is not much more information on the Facebook account. Barnett was contacted about matters that began when Barnett and the Plaintiff were neighbors in Princeton, Texas between 2009 and 2010. Barnett denied any and all involvement. He denied that he knew the Plaintiff. He was contacted because of matter which the Plaintiff can present evidence for, related to conduct which occurred in Princeton and continued until the Plaintiff relocated to the house he used on his Drivers License in 2010, when the Plaintiff left Princeton for the Rio Grande Valley (RGV).

On September 16, 2018, the Plaintiff informed Barnett he has violated the law. Barnett did not response. It was learned in October 2019, that Barnett opened an investigation into the Plaintiff on October 1, 2018. In doing so, Barnett claimed the Plaintiff was stalking and harassing him. Barnett filed this report with his own employees. Barnett filed the complaint under "John Smith." In January 2019, the Plaintiff's employment with the United States Air Force (USAF) as a Temporary Appointment as a Police Officer ended due to Barnett contacting the Plaintiff's employer. This was learned in February 2019.

In February 2019, the Plaintiff returned to work at the employer he worked for before he was pointed with the USAF. During this time, the employer began engaging in improper employment actions, such as reducing the Plaintiff's hours, and scheduling him to work at unusual hours. The Plaintiff raised a complaint about his Service Connected Rating with his employer and requested a Reasonable Accommodation.

In July, 2019, the Plaintiff was contacted by Kimberly Beth Herbert, Counsel for the Plaintiff's employer. She stated she was authorized by the employer to negotiation a severance package with the Plaintiff. The Plaintiff declined any severance agreement and stated he would not waive any of his rights.

The Plaintiff was separated from his employer. It was, later, learned that Herbert was Barnett's legal counsel when he was a Defendant in Hurlston v. City of Princeton, ET AL. NO:

4:13-CV-757.

From the period of April 2018, even to this point today, the Plaintiff has requested numerous times how to make a complaint on Barnett. There are numerous emails available to show the Plaintiff was attempting to redress grievance with the City of Kyle over Barnett's long stemming actions towards the Plaintiff.

In April 2020, the Plaintiff began blogging. In constructing blogs the Plaintiff would request public government record and compile them. Once he began looking into Barnett's public government records, which were obtained through a right of access in the State of Texas through the Texas Public Information Act (TPIA) he noticed there were issues in the screening process for hiring Barnett. He brought the matter up to Barnett and Barnett finally replied to the Plaintiff after ignoring the Plaintiff from September 16, 2018 until April 15, 2020. In summary, Barnett stated he would take legal actions against the Plaintiff if the Plaintiff did not remove his blog. This is all documented in an e-mail exchange between Barnett and the Plaintiff. The Plaintiff advised he would not take the blog down and asked Barnett to identify which areas of concern were untrue. Barnett failed to identify any areas of concern. On May 27, 2020, the Plaintiff was arrested by a Hays County Justice of the Peace, Precinct 2, Felony Warrant, for Stalking "John Smith." It was later learned the warrant was issued by Beth Smith, a Justice of the Peace whom is also the President of the Hays County Emergency Service District 5 (ESD #5) which is commonly referred to as the Kyle Fire Department. The ESD is a separate political subdivision than the City of Kyle. Of further concern is the relationship Barnett has to Smith. Barnett is listed with the ESD to be an Emergency Medical Technician; however, the agency possess no documents in their records for Barnett. The warrant issued came by complaint of Barnett's employee for which he controls.

The Plaintiff was release from the Bexar County Jail on or about June 1, 2020. He contacted his employer and his employer advised for him to stay home for two weeks due to COVID-19. The Plaintiff attempted to contact his employer for when he could return to work. The

employer wanted to "meet," with the Plaintiff on a specific date. The manner in which the matter occurred made the Plaintiff believe he would lose another employment opportunity and he resigned.

In July 6, 2020, the Plaintiff finally received a response from the City Secretary of the City of Kyle on how to file an Ethics Complaint with the City of Kyle. The Plaintiff submitted a complaint. On or about July 20, 2020, Barnett filed a rebuttal to the Plaintiffs complaint. In response, Barnett admitted to using his employees to have the Plaintiff investigated for Barnett's own personal reasons.

In August 2020, a Ethics Committee Meeting occurred and the concerns filed by the Plaintiff were put on hold because the Ethics Compliance Officer recommended the matter be stayed due to the pending arrest of the Plaintiff. Specifically, as documented in video evidence, the Ethics Compliance Officer was told by a unknown Hays County Assistant District Attorney that the Plaintiff was going to have a lot of charges and continuing with the Ethics Committee may interfere with the discovery process of the arrest. To date, there is nothing filed on the Plaintiff. In October 2020, the Hays County District Attorney's Office recused themselves from the review of Barnetts complaint.

### V. Allegations

1. Barnett took action against the Plaintiff's Civil Rights because the Plaintiff asserted his 1st amendment right to publish and/or grieve the government.
    a. The City of Kyle contributed to the actions of Barnett by being deliberately indifferent. This was established by routine awareness of concerns by the Plaintiff to each member of the City Counsel for the City of Kyle and their deliberate inaction.
    b. There are General Orders, Policies and Procedures, Oath of Offices, Municipal, City, and Federal laws that were not followed by Barnett or the City of Kyle. These documents are available as evidence.

2. Supervising Officials Liability

    a. Barnett is the top level peace officer for the City of Kyle Police Department. Barnett filed a complaint with his employee. Barnett ordered the employee to file a criminal complaint to have the Plaintiff arrested, after the Plaintiff would not remove his blogs.

3. Choices by Policymaking Officials

    a. Barnett made a deliberate choice to have the Plaintiff arrested. Since 2018 through present, the Plaintiff has attempted to resolve concerns with the City of Kyle, related to Barnett. The Plaintiff has been deliberately ignored by all members of the City of Kyle City Counsel. There is many pieces of documentary evidence to provide this is beyond negligent acts. The actions amount to a firm decision to ignore the Plaintiff until he can be arrested by Barnetts order.

4. Custom

    a. The actions to deliberately ignore a citizen attempting to redress the government are so excessive, over such a long period of time, it has created a custom of action by the City of Kyle through the inactions of the City Counsel to allow Barnett to violate the Plaintiffs Civil Rights. Again, since April 2018 through present, the whole city has ignored the Plaintiff. The matter is widespread as it affects the complete City. It is well established based upon the duration of inaction.

5. Inadequate Supervision

    a. It is apparently obvious the City of Kyle knew to confront the situation presented by the Plaintiff in the manner it transcribed. The whole city ignored the Plaintiff. Over the course of multiple years there have been attempts to file complaints and they were all ignored. This shows a pattern of mishandling concerns of the Plaintiff. Failing to take a complaint of a citizen will frequently deprive the citizen the ability to grieve the government. Also, instructing citizens to not publish matters about the government will

frequently violate the citizens right to speech and/or press.

6. Liability through Inadequate Screening

    a. Barnett's background was not checked before hiring him. There are open records requests to prove such. There are standards for hiring peace officers in the State of Texas. There are standards for hiring government employees in the State of Texas. There are clear misrepresentations in employment application by Barnett. There is admission that Barnett was not truthful in his hiring process, which was disclosed after hiring. In Hurlston v. City of Princeton, ET AL. NO: 4:13-CV-757, it was identified one of the reasons Barnett took a severance agreement from the City of Princeton. Raising the issue and showing supporting evidence that Barnett's background was not checked cause or contributed proximal to the violations of the Plaintiffs Civil Rights.

## VI. Standard of Review

Per Erickson v. Pardus, 551 U.S. 89, 94 (2007):

> The Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355, U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

> A document filed *pro se* is "to be liberally construed," Estelle, 429 U.S., at 106, 97 S. Ct. 285 a "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## VII. Relief

The Plaintiff was arrested for attempting to grieve the government and for blogging about the government. He has suffered from mental anguish, employment deprivation, financial loss, and overall instability by Barnett's actions and the City of Kyle's inactions towards the Plaintiff. The Plaintiff is seeking relief of up to $1M in damages.

## VIII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) *the factual contentions have <u>evidentiary support</u> or, if specifically so identified, will likely have evidentiary support <u>after a reasonable opportunity for further investigation or discovery</u>;* and (4) the complaint otherwise complies with the requirements of Rule 11.

DATED: March 8, 2021                                    Respectfully Submitted,

                                                        *[signature]*

                                                        **JOHN D FERRARA**
                                                        **PRO SE**
                                                        122 Baywell Drive
                                                        San Antonio, Texas 78227
                                                        Telephone: (210) 418-1480
                                                        jferrara0004@icloud.com