UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN D. FERRARA,

   *Plaintiff*,

v.                                           Case No.  SA-21-CV-00237-JKP

JEFFREY BLAKE BARNETT, POLICE CHIEF FOR THE CITY OF KYLE; AND CITY OF KYLE,

   *Defendants*.

## MEMORANDUM ORDER

Before the Court is Plaintiff John D. Ferrara's Motion for Modification of Judgment under Federal Rule 60(b). *ECF No. 12*. After careful consideration, the Court concludes the Motion should be DENIED.

### Factual Background

This is the latest of five *pro se* lawsuits Ferrara filed in this federal court arising from a 2019 arrest and prosecution by the Cameron County District Attorney's Office based upon his harassment of law enforcement officer Terry Wallace.[1] In this underlying criminal case, Ferrara pleaded "no contest" to the charges, and the conviction was not reversed on appeal, expunged, declared invalid, or otherwise called into question by a federal writ. Three of these federal-court suits, like this one, were filed *in forma pauperis* ("IFP") and dismissed as frivolous prior to service pursuant to 28 U.S.C. § 1915(e). The fourth suit, 22-cv-741-FB, was not filed as an IFP

---

[1] 5:20-cv-01128-FB *Ferrara v. Wallace, et al*, filed 09/22/20 and closed 01/29/21; 5:21-cv-00237-JKP *Ferrara v. Barnett et al*, filed 03/08/21 and closed 09/09/21; 5:21-cv-00251-FB *Ferrara v. Wallace et al*, filed 03/10/21 and closed 05/27/21; 5:22-cv-00741-FB *Ferrara v. The City of Kyle et al*, filed 7/11/22 and closed 12/31/22.

suit and was dismissed for failure to state a claim based on *res judicata* grounds.

In this latest of the five related cases, this Court adopted Magistrate Judge Farrer's recommendation to dismiss Ferrara's suit both for frivolousness and for failure to state a claim pursuant to 28 U.S.C. § 1915(e). *ECF No. 10*. In doing so, this Court concluded any intended claim for retaliatory arrest is barred by *Heck v. Humphrey*, and this lawsuit is duplicative of two other lawsuits filed by Ferrara in this district, which were dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and malicious. *Id.*; *see also Ferrara v. Wallace*, No. 5-20-cv-1128-FB-RBF (dismissed January 29, 2021)*; Ferrara v. Wallace*, No. 5-21-cv-251-FB-RBF (dismissed May 27, 2021).

This Court recognizes that in the duplicative suit, 5:22-cv-01128-FB, *Ferrara v. Wallace et al*, Judge Biery dismissed the suit as frivolous, holding Ferrara's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *ECF No. 17*. In a Federal Rule 60(b) Motion to Modify Judgment, nearly identical to the one filed here, Ferrara reported the *Heck* bar had been removed. In seeking a Federal Rule 60(b) modification, Ferrara contended the Court should grant partial relief from the judgment to the extent that it precluded him from pursuing his claims against the Kyle defendants. *ECF No. 21*. Judge Biery denied that Federal Rule 60(b) Motion. *ECF No. 22*.

**Legal Standard**

In relevant part, Federal Rule 60(b) provides a district court "may relieve a party ... from a final judgment, order, or proceeding for the following reasons: . . .(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Federal Rule 60(b)(6) is "a residual or catch-all provision ... to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v.*

2

*Banning Co., Inc.,* 6 F.3d 350, 357 (5th Cir. 1993). Relief under Federal Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 743 (5th Cir. 1995)).

## Discussion

Here, Ferrara files a Federal Rule 60(b) Motion, an almost identical motion to that filed in the 1128 case and denied by Judge Biery. In this Motion, Ferrara seeks to modify this Court's judgment dismissing this suit as frivolous on *res judicata* grounds and because any intended claim for retaliatory arrest is no longer barred by *Heck v. Humphrey*.

The intent of Federal Rule 60(b) is to do substantial justice based on the exceptional circumstances of this case. *Edwin H. Bohlin Co.*, 6 F.3d at 357; *Hess v. Cockrell*, 281 F.3d at 216. To establish such exceptional circumstances, a plaintiff seeking to recover damages under 42 U.S.C. § 1983 for a claim which would call into question the validity of his conviction must prove "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Further, unless or until such a conviction is invalidated, *Heck* requires dismissal of the Section 1983 case. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also Jackson v. Bizauskas*, No. CV H-16-143, 2017 WL 6761875, at *1 (S.D. Tex. June 13, 2017) (discussing *Heck* & *Kato* in context of Rule 60(b) motion for modification of judgment).

## Conclusion

In his Motion, Ferrara does not argue or establish any extraordinary circumstance exists which would justify relief from this Court's judgment dismissing his suit seeking to recover damages under 42 U.S.C. § 1983 for a claim which would call into question the validity of

his criminal conviction. *See Edwin H. Bohlin Co.*, 6 F.3d at 357; *Hess v. Cockrell*, 281 F.3d at 216. Ferrara does not show his 2019 conviction has been invalidated. Ferrara does not present facts or arguments that would show the underlying judgment, in which this Court concluded that this case is barred by Heck, was incorrect. Thereby, Ferrara does not argue or establish the challenged judgment in this case is void or has been satisfied, released, or discharged. *See* FED. R. CIV. P. 60(b). *Edwin H. Bohlin Co.*, 6 F.3d at 357. For these reasons, Ferrara has not shown relief is warranted under Federal Rule 60(b), or "extraordinary circumstances" are present that would justify modification of the challenged judgment.

IT IS THEREFORE ORDERED that Ferrara's Motion for Modification of Judgment under Federal Rule 60(b) is DENIED.

Ferrara is reminded in its Judgment, this Court WARNED that if he continues to institute new actions based on claims that have already been dismissed, sanctions may be imposed which include, but are not limited to, the imposition of a pre-filing injunction and/or prospective denial of IFP status. He is so WARNED again.

It is so ORDERED.
SIGNED this 27th day of February, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE